UNITED STATES of America,
Plaintiff—Appellee,

v.

**Jesus Ricardo MORAN–SANDOVAL,**
Defendant—Appellant.

No. 02–50051.
D.C. No. CR 01–2248 RMB.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2003.*

Decided May 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Moran argues that the Supreme Court's decision in *Harris v. United States,* 536 U.S. 545,

MEMORANDUM**

Jesus Ricardo Moran–Sandoval ("Moran") appeals his guilty-plea conviction and 57–month sentence for one count of importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

■ Moran first contends that the district court erred by not dismissing the indictment because his constitutional right to the grand jury's independent exercise of discretion was violated. He contends that it was erroneous not to instruct the grand jury that it could refuse to indict even if it found probable cause. This contention is foreclosed by our decision in *United States v. Marcucci,* 299 F.3d 1156 (9th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 123 S.Ct. 1600, 155 L.Ed.2d 334 (2003).

Next, Moran contends that 21 U.S.C. § 960 is unconstitutional following *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In the alternative, he contends that even if § 960 is constitutional, the mens rea requirement applies to drug quantity and type. Both contentions are foreclosed by our decisions in *United States v. Carranza,* 289 F.3d 634 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002), and *United States v. Mendoza–Paz,* 286 F.3d 1104 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002).[1]

Moran's final contention is that the district court erred in not granting him more than a two-level reduction for his limited role in the offense. U.S.S.G. § 3B1.2 (2001). He contends that the district court

122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), overrules *Mendoza–Paz.* This argument is foreclosed by *United States v. Hernandez,* 322 F.3d 592, 600 (9th Cir.2003) *("Mendoza–Paz* [has] continuing validity in light of *Harris").*

erred in (1) analyzing his request for a role reduction as a request for departure rather than adjustment, and (2) applying a per se rule that no drug courier may ever receive a four-level adjustment. Reviewing for clear error, *United States v. Hursh*, 217 F.3d 761, 770 (9th Cir.2000), we find the argument unpersuasive.

 Moran agreed to transport 40 kilograms of marijuana across the border in exchange for $2,500. The Presentence Report recognized that this amount is "considerably greater" than most couriers receive for transporting that amount of marijuana. The district court nevertheless granted Moran a two-level role reduction for being a minor participant. We have upheld the granting of minor role in similar circumstances. But Moran does not direct us to a single case granting a *minimal* role downward adjustment where the carrier knowingly transported drugs for a substantial sum of money. *See, e.g., Hursh*, 217 F.3d at 770 (upholding district court's denial of a minimal or minor role adjustment based on "mere courier" status); *United States v. Hernandez–Franco*, 189 F.3d 1151, 1160 (9th Cir.1999) ("[T]he mere fact that appellant was to transport the aliens north does not entitle him to a minor role adjustment."). The district court did not apply a per se rule barring role adjustment for drug couriers; it approved such an adjustment. Even were we to conclude that the sentencing judge treated Moran's request for a role adjustment as a request for a downward departure, the result would not be affected because we have no jurisdiction to review a district court's determination not to depart downward. *United States v. Ruiz*, 536 U.S. 622, 627, 122 S.Ct. 2450, 153 L.Ed.2d

586 (2002). The district court did not err in denying a minimal role adjustment.

**AFFIRMED.**

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.